UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-59-KSF

ANTHONY L. BAKER                                                                                          PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JASON WARINNER, ET AL                                                                              DEFENDANTS

Plaintiff Anthony L. Baker is confined in the Boyle County Detention Center ("BCDC") which is located in Danville, Kentucky. He has filed a *pro se* prisoner civil rights action asserting claims under 42 U.S.C. § 1983. The plaintiff has also filed an "Application to Proceed *In Forma Pauperis,*" [Record No.3], which has been addressed by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED DEFENDANTS

The plaintiff names the following seven individual defendants, all of whom he identifies as being officers employed by the Police Department of Danville, Kentucky: (1) Jason

Warriner, Officer; (2) Patrick McQueen, Sargent; (3) Derek Robbins, Officer; (4) Robert Williamson, Captain; (5) Tony Gray, Assistant Chief Police Officer; (6) Todd Davis, Sargent; and (7) Jeffrey Peek, Police Chief.  The plaintiff also names an eighth defendant, the Danville, Kentucky, Police Department.

## CLAIMS AND RELIEF REQUESTED

Broadly construing the *pro se* § 1983 complaint, it appears that the plaintiff may be alleging that the named defendants violated his rights under both the Fourth Amendment of the United States Constitution (which prohibits unreasonable searched and seizures) and the Fourteenth Amendment of the United States Constitution (which guarantees due process of law, as applicable to persons acting under color of state law).

The plaintiff seeks $250,000.00 in damages for emotional suffering, lost wages, and slander; punitive damages; and "an apology from the Danville Police Department and others involved." [Complaint, Record No. 2, p.8].

## ALLEGATIONS OF THE COMPLAINT

The plaintiff alleges when Defendant Jason Warriner responded to a car accident in which he (plaintiff) was involved, Warriner arrested him (plaintiff) on the basis of there being outstanding warrants against him.  Plaintiff complains that in connection with Defendant Jason Warriner's actions, Defendants Patrick McQueen, Derek Robbins, Jeff McPeek and Tony Gray became involved. He alleges that these defendants requested Judge Jeff Dotson to sign a search warrant against him.  It appears that the warrant was obtained.[1]

---

[1] It appears that the search warrant was obtained for a search of the plaintiff's residence.

Plaintiff alleges that these defendants obtained the search warrant against him based on "false information" and /or "false allegations" concerning him [Record No. 2, pp. 2-3]. Plaintiff alleges that Defendant Robert Williams was "in charge of the search scene and videotaped evidence which could be planted by the officers involved." [*Id*.].

The plaintiff alleges that Defendant Todd Davis harassed him and his family. He alleges that the Danville Police Department is responsible for the actions of the individually named defendants. When asked in § III of the Complaint Form "When did these events happen?" the plaintiff responded "January 2006 to current."

## DISCUSSION
### 1. Statute of Limitations

The conduct which forms the basis for the plaintiff's claims relates to a specific event, which the plaintiff alleges occurred in January, 2006. It would appear that the actions for which the plaintiff seeks monetary compensation arose from a specific event, to wit: a police man arresting the plaintiff in January 2006 in connection with outstanding warrants against him.

A cause of action "accrues" and the statute of limitations thereon begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury that provides the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights).

Because Section 1983 does not provide its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained

3

of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). Baker therefore was required to file a complaint asserting his civil rights claims on or before January, 2007. As Baker did not file his present complaint until February 8, 2008, any claims specific to **January, 2006** would be barred by the statute of limitations, and must be dismissed.

## 2. Abstention Doctrine

There is a second reason which requires dismissal. While the plaintiff broadly alleges that the activity about which he complains continues "to current," that allegation is not substantiated by any facts set forth in the complaint. The Court will, however, assume for the moment that the activity about which the plaintiff complains has occurred within the last year.

Even assuming that fact, the claims pertaining to the "illegally obtained" search warrant would appear to relate to pending a state court criminal charge(s) having been filed against the plaintiff. Interpreting what the plaintiff has alleged in non-specific terms, it would appear that charges were filed against the plaintiff as a result of discoveries made during the search of his residence. Assuming that there *are* state court criminal charges currently pending against the plaintiff, this Court would be required to abstain from interfering with such a state court criminal proceeding - - by way of a § 1983 action - - under the doctrine of abstention.

4

The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, (1971) provides that when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S.Ct. 1519 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001).

Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995); *Doscher v. Menifee Circuit Court*, 75 Fed. Appx. 996, 997, 2003 WL 22220534, **1 (6th Cir.(2003)).

Given the assumption that there are criminal charges currently pending against the plaintiff, the Court will abstain from meddling in a state court criminal proceeding against the plaintiff.

### 3. Dismissal under *Heck v. Humphrey*

Assuming that the complained- of criminal activity is connected to a criminal charge that has resulted in a conviction against the plaintiff, yet another judicial doctrine would prevent the Court from entertaining a § 1983 civil rights action against the named defendants.

In essence, the plaintiff would be attempting to use a civil proceeding, pursuant to 42 U.S.C. § 1983, in federal court to challenge the same convictions which a state court held to be valid. This result cannot be achieved through a civil rights complaint. To the extent that the

5

plaintiff may be seeking release from an illegal conviction and/or sentence, he essentially seeks a writ of habeas corpus and must proceed according to habeas law. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984).

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). "Section 1983 should not be used to make an end run around habeas corpus procedures." *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990).

Moreover, to the extent that the plaintiff seeks damages for his purported illegal convictions, he is advised that the Supreme Court of the United States has barred such relief via a Section 1983 proceeding until and unless the convictions have been invalidated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has been called the "favorable termination rule."

Shortly after the Supreme Court's *Heck* decision came *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995), a § 1983 action for damages for an illegal search of plaintiff's car which resulted in plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083.

Because the Plaintiff in *Schilling* could not get the conviction invalidated, his civil action was dismissed. More recently, *Heck*'s favorable termination rule was examined and held to bar an excessive force claim. *Ruiz v. Martin*, 72 Fed. Appx. 271 (6th Cir. 2003) (citing *Huey v. Stine*, 230 F.3d 226, 230-31 (6th Cir. 2000)).

Applying *Heck* and its progeny to this case and finding the rationale applicable herein for the same reasons, this Court finds that a judgment in favor of Plaintiff Baker on his claims herein would necessarily imply that his presumed convictions are illegal. *See also Woods v. Ohio*, 2001 WL 493406 (6th Cir. 2001) (affirming district court's dismissal of complaint which failed to allege reversal of conviction without granting leave to amend).

Thus, this Plaintiff's claim for damages is not yet cognizable under 42 U.S.C. § 1983, and dismissal, without prejudice, is required until a favorable judicial determination occurs.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) The plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

(2) This action is **DISMISSED** from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 20th day of February, 2008.

Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**